I HAVE REVIEWED YOUR SECOND LETTER REGARDING THE DEPOSIT OF COUNTY FUNDS IN A BANK WHERE A COUNTY COMMISSIONER SERVES ON THE BOARD OF DIRECTORS OF THAT BANK. I REGRET THAT I DID NOT DISCUSS IN MY PREVIOUS LETTER TO YOU 19 O.S. 123 (1981).
SECTION 123 PROVIDES AS FOLLOWS:
 "IT IS HEREBY MADE UNLAWFUL FOR ANY OF THE FUNDS OF THE COUNTY TO BE DEPOSITED IN ANY BANK IN WHICH THE COUNTY TREASURER OR ANY MEMBER OF THE BOARD OF COUNTY COMMISSIONERS IS THE OWNER OF ANY STOCK OR OTHERWISE DIRECTLY OR INDIRECTLY PECUNIARILY INTERESTED. A COUNTY TREASURER OR COUNTY COMMISSIONER SHALL BE CONSIDERED TO BE INTERESTED IN SUCH BANK IF ANY MEMBER OF HIS IMMEDIATE FAMILY OWNS ANY INTEREST IN SAID DEPOSITORY BANK."
UNDER THE FACTS YOU PRESENTED, THE COUNTY COMMISSIONER DOES NOT OWN STOCK IN THE BANK IN QUESTION, AND YOU HAVE PROVIDED US WITH NO OTHER INDICATION OF PECUNIARY INTEREST BY THE COMMISSIONER. WE ARE, THEREFORE, UNAWARE OF FACTS WHICH WOULD INVOKE THE PROHIBITIONS OF 123. AT ANY RATE CLEARLY, THROUGH ENACTMENT OF 62 O.S 371 (1989) (A COPY IS ENCLOSED FOR YOUR CONVENIENCE) THE LEGISLATURE SPECIFICALLY INTENDED TO ALLOW A COUNTY TO USE A BANK AS A DEPOSITORY EVEN THOUGH A COUNTY COMMISSIONER MIGHT ALSO SERVE ON THE BOARD OF DIRECTORS OF THAT BANK.
(NED BASTOW)